552 A.2d 357

In Re: Lebanon County Distribution of Fees or Financial Conditions Imposed in ARD/DUI Cases. City of Lebanon, Appellant.

Argued September 14, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO and McGINLEY.

*Paul R. Ober,* with him, *James L. Davis, Paul R. Ober & Associates,* for appellant.

*Rosamond A. Presby, Feeman & Feather,* for appellee, County of Lebanon.

*Suellen M. Wolfe,* Chief Deputy Attorney General, with her, *Bryan E. Barbin,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for Amicus Curiae, Commonwealth of Pennsylvania.

OPINION BY JUDGE DOYLE, January 10, 1989:

Appellants, the City of Lebanon (City), and the Borough of Palmyra (Borough), appeal an order of the Court of Common Pleas of Lebanon County granting declaratory judgment relief in favor of the Appellee County of Lebanon (County), and finding that monies collected as administrative costs for placing individuals in the Accelerated Rehabilitation Disposition (ARD) Program pursuant to Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731 (driving under influence of alcohol or controlled substance), should not be distributed equally between the Appellants[1] and the County, but rather are payable exclusively to the County.

The common pleas court held that these funds are not "fines" within the meaning of Section 3573 of the Judicial Code, *as amended,* 42 Pa. C. S. §3573 (municipal corporation portion of fines), and thus are not available for distribution to the municipal corporation whose local police action resulted in the charges being brought. Instead, the funds are to be distributed solely to the County as a reasonable charge relating to the expense of administering the ARD program.

The issues raised below are identical to those before us. Judge ROBERT J. EBY, in his comprehensive and well-reasoned opinion, dealt with the issues in a thorough manner and we agree with his analysis and, accordingly,

---

[1] Concurrent with the declaratory judgment action filed by the two municipalities in this suit, there was also filed a class action complaint by other similarly situated municipalities which, by agreement, is still pending before the common pleas court awaiting the outcome of the instant action.

affirm on his opinion reported at *Lebanon County Distribution of Fees or Financial Conditions Imposed in ARD/DUI Cases,* (No. 87-00527 filed December 28, 1987),     Pa. D. & C. 3d     (1988).

ORDER

NOW, January 10, 1989, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is affirmed on the opinion of Judge ROBERT J. EBY.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I dissent.

The majority agrees with the trial court's holding that the monies collected are not fines but are a reasonable charge relating to the expenses the County incurs in administering the ARD program. The clear language of 75 Pa. C. S. §3731(e)(8) mandates a contrary conclusion.

Although this case implicates various amendments to the statutes at issue, none of the amendments changes the fundamental intent of the legislature to mandate that half the monies at issue are to go to municipal corporations. At the present time, section 3731(e)(8) provides as follows:

(e)   Penalty—

. . .

(8)   With the exception of program costs referred to in section 1548(e) or any restitution referred to in this section, *and with the exception of any fees imposed pursuant to paragraph (6)(vi)[1] which shall be distributed to the affect-*

---

[1] Paragraph (6)(vi), which was also added by a 1986 amendment, provides that, in addition to any other conditions imposed

*ed municipal corporation,* any fee or financial condition imposed by a judge as a condition of Accelerated Rehabilitative Disposition or any other preliminary disposition of any charge un- der this section shall be distributed as provided for in 42 Pa. C. S. §§3571 (relating to Commonwealth portion of fines, etc.) and 3573 (relating to municipal corporation portion of fines, etc.).

The italicized material was added by a 1986 amendment. However, the plain meaning of the statute, regardless of the amendment, requires any fee or financial condition to be distributed according to 42 Pa. C. S. §3573.

Section 3731(e)(8), 75 Pa. C. S. §3731(e)(8), clearly requires the distribution of fees and financial conditions in accordance with 42 Pa. C. S. §3573. The only exceptions to that distribution scheme are program costs referred to in section 1548(e),[2] restitution ordered pursuant to section 3731(e)(6)(iii),[3] and fees imposed to cover the reasonable costs, if any, of a municipal corporation in connection with an ARD case.[4] The restitution reference is, presumably, to section 3731(e)(6)(iii) which provides that the court may order the defendant to make "restitution to any person who incurred determinable financial loss as a result of the defendant's actions which resulted in a charge of violating this section." I cannot agree with the trial court's reasoning that the costs at issue here are reimbursement to the County for the

---

pursuant to acceptance into the ARD program, a judge may impose: "A fee to cover the reasonable costs, if any, of a municipal corporation in connection with a charge brought under this section which results in Accelerated Rehabilitative Disposition". 75 Pa. C. S. §3731(e)(6)(vi).

[2] 75 Pa. C. S. §1548(e).

[3] 75 Pa. C. S. §3731(e)(6)(iii).

[4] *See* note 1.

costs of court supervision.[5] Furthermore, the trial court erroneously equated this reimbursement with the restitution referred to in 75 Pa. C. S. §3731(e)(6)(iii).[6]

Finally, I do not believe that the legislature's addition of subsection (6)(vi) to section 3731[7] is of any significance here. The trial court stated: "If the Legislature had intended to include the administrative costs such as those imposed by the County of Lebanon in the distribution scheme set forth in 42 Pa. C.S.A. §3573, the enactment of [subsection (6)(vi)] would have been unnecessary." *Lebanon County Distribution of Fees or Financial Conditions Imposed in ARD/DUI Cases* (No. 87-00527, filed December 28, 1987), slip op. at 13,      Pa. D. & C. 3d    ,       (1988). It is clear to me that the legislature *did* intend to include the costs at issue here in the distribution scheme set forth in 42 Pa. C. S. §3573. I note again the language of 75 Pa. C. S. §3731(e)(8): "[A]ny fee or financial condition imposed by a judge as a condition of Accelerated Rehabilitative Disposition . . . shall be distributed as provided for in 42 Pa. C. S. §3573. . . ." I submit that the legislature's intent could not be more evident.

---

[5] Such supervision is authorized by 75 Pa. C. S. §3731(e)(6)(v).

[6] *See Lebanon County Distribution of Fees or Financial Conditions Imposed in ARD/DUI Cases* (No. 87-00527, filed December 28, 1987), slip op. at 12,      Pa. D. & C. 3d    ,       (1988).

[7] 75 Pa. C. S. §3731(6)(vi).